IN THE CHANCERY COURT FOR BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| WILLIAM V. BRUNER, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 2010-CV-114 |
| | ) |
| LIBERTY LIFE ASSURANCE | ) |
| COMPANY of BOSTON, and | ) |
| | ) |
| MAYTAG CORPORATION | ) |
| Respondents. | ) |

## PETITION FOR JUDICIAL REVIEW OF DENIAL OF LONG-TERM DISABILITY BENEFITS PURSUANT TO 29 U.S.C.S. § 1001 ET SEQ.

COMES the Petitioner, William V. Bruner, through counsel, pursuant to the Employee Retirement Income Security Act, 29 U.S.C.S. § 1001 et seq., and hereby petitions this Honorable Court for judicial review of Respondents' decision to deny Petitioner's long-term disability benefits, and for grounds would show this Court the following:

I

Petitioner William V. Bruner is a citizen and resident of the State of Tennessee, residing at 372 Millcreek Trail, Cleveland, Tennessee 37323.

II

At all relevant times herein, Petitioner was a beneficiary of a long-term disability insurance policy administered by Respondent Maytag Corporation and issued by Respondent Liberty Life Assurance Company of Boston.

III

Petitioner suffers from chronic pain syndrome, fibromyalgia, colon cancer, chronic osteoarthritis, Bell's palsy, hypertension, diabetes and lumbar spine pain and is unable to engage

1

in gainful employment. At all times material herein, Petitioner was covered under the long-term disability insurance policy administered by Respondent Maytag Corporation and issued by Respondent Liberty Life Assurance Company of Boston

IV

On March 4, 2010, Respondents Liberty Life Assurance Company of Boston and the Maytag Corporation denied Petitioner's application for long-term disability benefits. Petitioner remains disabled to this date and is not able to engage in gainful employment. Respondents' denial of Petitioner's long-term disability benefits was arbitrary and capricious and breached the terms of the long-term disability insurance policy administered by the Maytag Corporation and issued by Respondent Liberty Life Assurance Company of Boston.

V

Judicial review of this matter is appropriate in that Petitioner has exhausted his administrative remedies.

WHEREFORE, Petitioner respectfully requests that this Court reverse Respondents' decision denying Petitioner long-term disability benefits.

This 8 day of April, 2010.

Harold C. Wimberly (BPR#021760)
Attorneys for Petitioner
6759 Baum Dr.
Knoxville, TN 37919
(865) 588-7465

**CERTIFICATE OF SERVICE**
I hereby certify a true and correct copy of the foregoing Petition and Summons have this date been forwarded to the clerk for filing simultaneously with the issuance of Summons.

This 8 day of April, 2010.

Harold C. Wimberly (BPR#021760)

2

## IN THE CHANCERY COURT FOR BRADLEY COUNTY, TENNESSEE

WILLIAM V. BRUNER, )
)
    Petitioner, )
)
v. ) No.: 2010-CV-114
)
LIBERTY LIFE ASSURANCE )
COMPANY of BOSTON, and )
)
MAYTAG CORPORATION )
)
    Respondents. )

### COST BOND

I, William V. Bruner as principal, and Harold C. Wimberly as Surety, are held firmly bound unto the Chancery Court of Bradley County, Tennessee for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal is commencing legal proceedings in the Chancery Court of Bradley County, Tennessee. If the Principal shall pay costs which are adjudged against them then this obligation is void. If the Principal fails to pay then the surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. 20-12-120 et seq.

### PRINCIPAL(S)

William V. Bruner
Principal

372 Millcreek Trail.
Cleveland, TN 37323
Address

### SURETY

Harold C. Wimberly
Surety

_/s/ HW Wim_
Signature of Surety





Received
APR 2 0 2010
[illegible] pt.

## State of Tennessee
### Department of State
Division of Business Services
312 Rosa L Parks Ave
6th Floor Wm. R. Snodgrass Tower
Nashville, Tennessee 37243

| | |
|---|---|
| 4/16/2010 | 70090960000114700653 |
| Date | Certified Number |

File No: 2010-CV-114

Company: **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

Name:

Agent/POE:

Address: 175 BERKELEY ST
BOSTON, MA 02117

Country:

RE: WILLIAM V BRUNER

VS: LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, AND MAYTAG CORPORATION

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling Information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Sincerely,

Tre Hargett
Secretary of State

enclosures
Initial: MMH
CC:

SS-4214 (Rev. 3/97)                                    RDA 1003

IN THE CHANCERY COURT FOR BRADLEY COUNTY, TENNESSEE

WILLIAM V. BRUNER, )
)
    Petitioner, )
)
v. ) No.: 2010-CV-11
)
LIBERTY LIFE ASSURANCE )
COMPANY of BOSTON, and )
)
MAYTAG CORPORATION )
)
    Respondents. )

## SUMMONS

TO:   Liberty Life Assurance Company of Boston
       Serve with process through the office of the
       Secretary of the State of Tennessee at its agent
       for service of process located at:

            Liberty Life Assurance Company of Boston
            175 Berkeley Street
            Boston, MA, 02117

You are hereby summoned and required to serve upon __Harold C. Wimberly, Attorney at Law__, petitioner's attorney, whose address is: __6759 Baum Drive, Knoxville, Tennessee 37919__, a true copy of the answer to the Petition which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 12 day of April 2010 at 11:20 o'clock A M. Witness CARL SHREWSBURY, Clerk of said Court, at office the 12 in April A.D., 2010.

1

Case 1:10-cv-00082-CLC-SKL Document 1-1 Filed 04/28/10 Page 5 of 6 PageID #: 8

_____
Carl Shrewsbury
CARL SHREWSBURY, Clerk
BY: _____
DEPUTY CLERK

(this summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure)

**NOTICE TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family, trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____, 2010. _____
                                                                  Deputy Sheriff

RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, _____, 2010 I served this summons together with the complaint as follows:
_____

failed to serve this summons within 30 days after its issuance because
_____.

                                                      _____
                                                   Sheriff-Deputy Sheriff

2